```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

ANDREW D'ANTONI                         CIVIL ACTION

VERSUS                                  NO: 07-615

FEDERAL EMERGENCY MANAGEMENT            SECTION: "J" (3)
AGENCY, ET AL.
```

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Set the Ad Damnum (Rec. Doc. 17).  Because the Court finds that there remains a genuine issue of material fact related to whether newly discovered evidence was reasonably discoverable at the time the administrative claim was filed, Plaintiff's motion is **DENIED.**

### BACKGROUND

This lawsuit arises out of a rear end collision which occurred on October 9, 2006, wherein a FEMA employee driving a Ford Taurus struck the vehicle being driven by the Plaintiff. This Court has already granted summary judgment in favor of the plaintiff on the issue of liability.  Therefore the only question left in the case is on the issue of damages.

**LEGAL STANDARD**

Plaintiff filed this Motion as a Motion for Declaratory Judgment to Set the Ad Damnum.  When a Plaintiff files a motion to set the ad damnum, the Court is permitted to treat the motion as a motion for summary judgment.  *See Encalade v. U.S. Dep't of Interior*, No. 88-3205, 1989 WL 85193 (E.D. La. July 27, 1989)(Schwartz, C.J.).  In *Encalade*, the court considered a motion to set the ad damnum filed by the government. *Id.*  The court held that there was a genuine issue of material fact "regarding whether or not the full extent of [Plaintiff's] damages were 'reasonably discoverable' at the time" the administrative claim was filed. *Id; cf. Calva-Cerqueira v. United States*, 281 F. Supp. 2d 279, 300-02 (D.D.C. 2003)(setting the ad damnum after a full trial on the merits and taking of evidence related to what information was reasonably disoverable).

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*citing* Fed. R. Civ. P. 56(c)).  The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine

factual issues. *Id*. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. *Id*. "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" *Little*, 37 F.3d at 1075(citations omitted).

## DISCUSSION

A. Plaintiff's Administrative Claims and Amendments

Plaintiff avers that he submitted a claim to the Department of Homeland Security on June 21, 2006.  The initial claim form

set an ad damnum of $50,000.  Thereafter, Plaintiff claims that by letter sent on November 8, 2006, he amended his claim for an ad damnum to be set at $250,000.  The November 8, 2006 letter is signed by a Mr. Dan Ivory, who is identified as the Legal Case Manager for Atty. Robert B. Evans.  Plaintiff alleges that this letter constitutes an amended claim for the purposes of the statute and the regulations.

Defendant argues that the November 8 letter is not an amended claim because nothing in the letter put FEMA on notice that the plaintiff intended to amend his claim, specifically because the letter does not state that the plaintiff is amending the claim.  Further Defendant avers that after November 8, 2006 Plaintiff forwarded two other claim forms, both of which listed $50,000 as the sum certain.

Before the Court is evidence that the Plaintiff did in fact file an amended claim form on August 17, 2007 which stated a sum certain of $75,000.  On October 3, 2007 he amended his claim again, which stated a sum certain of $500,000.  Plaintiff filed suit on February 6, 2007.  Therefore these amendments occurred after the Plaintiff filed suit.  These amended claims would ordinarily be barred because the Plaintiff filed suit prior to the amendments.  *See Dickerson v. United States*, 280 F.3d 470, 477 n. 6  (5th Cir. 2002)("[Plaintiff] could have amended their

4

administrative claims after filing at any time before bringing suit.").

Therefore the first question is whether the November 6 letter in question can constitute an amended claim. The Fifth Circuit has held that a plaintiff is required to notify the agency in question of any claims. While no specific form is required, it must give the agency "(1) written notice of the claim sufficient to enable to agency to investigate , and (2) places a value on the claim." *Wadsworth v. United States*, 721 F.2d 503, 505 (5th Cir. 1983).

Defendant argues that the letter cannot be an amendment because nowhere in the letter was FEMA put on notice that the administrative claim was being amended. This exact situation was considered by Magistrate Judge Wilkinson in *Marcel v. United States*, No. 94-4039, 1995 WL 373301 (E.D. La. June 20, 1995). In *Marcel*, the court considered whether a letter sent to the agency in question (the United States Air Force) would be sufficient to amend the claim. The court concluded that the government's argument that the letter was not an amendment because it failed to use that word was "unpersuasive." *Id.* at *3. The Court determined that when Plaintiff's counsel submitted details of the accident, injuries, and damages, the Air Force was given sufficient information to investigate the claim and perhaps

5

settle the dispute. *Id.* Therefore the court determined that the letter in question was an amendment for the purposes of the statute.

The letter in question is similar. The letter can be an amendment as it gives FEMA notice of the accident and the injuries involved thereto with enough information to settle the claim.

However, even assuming that the letter in question can constitute an amended complaint, Plaintiff did not send the letter until November 8, 2006, and filed suit on February 6, 2007, which is less than 6 months after the amended complaint. The regulations governing the FTCA provide that "upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimants option [to file suit] shall not accrue until six months after the filing of an amendment." 28 C.F.R. § 14.2(c). There does not appear to be anywhere in the record that shows a final disposition letter being sent to the Plaintiff. As such, it is unknown whether suit under the amended claim (by way of letter) is timely filed. Because all facts should be assumed in favor of the non mover, the Court must assume that the Plaintiff does not have a final letter yet, and therefore for purposes of this motion alone, the Court must assume that suit

would be untimely under an amended claim.

B.  Exceptions to the Ad Damnum

However, regardless of whether the letter can serve as an amended claim, there are two exceptions to the administrative claim limit. If the facts fit one of the exceptions, then the Plaintiff's alleged amendment would not matter. The exceptions are provided for in the statute expressly as follows:

> 1. The amount may be increased based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency;
>
> 2.  Upon allegation and proof of intervening facts relating to the amount of the claim.

28 U.S.C. § 2675(b).   The Plaintiff bears the burden of proof in showing that the exceptions have been met. *Lebron v. United States*, 279 F.3d 321, 330 (5th Cir. 2002).

1.  Newly Discovered Evidence

In order for newly discovered evidence to be used to increase or set aside an ad damnum, the evidence must not have been reasonably discoverable at the time the claim was filed. *Id.* (*citing Low v. United States*, 795 F.2d 466, 470 (5th Cir. 1986)).  The Fifth Circuit has held that newly discovered evidence must concern more than the "precision with which the severity" of the injury is known. *Id.*  The court, instead has

7

held that new information can include information which "sheds new light on the basic severity of the claimants condition - that is, if it materially differs from the worst-case prognosis of which the claimant knew or could reasonably have known when the claim was filed." *Id.* (*citing Fraysier v. United States*, 766 F.2d 478 (11th Cir. 1985)). The Fifth Circuit has noted that the purpose of the ad damnum is to put the federal agency on notice of the worst-case scenario, to encourage settlement. *Id.*

Plaintiff alleges that his amended claim was filed due to the fact that he had not yet seen a Dr. Bartholomew and did not yet have an MRI at the time he first filed his claim, and therefore there was no suggestion that spinal surgery would be needed. The government notes that the Plaintiff did have a report from TeamCare at the time of the claim, which recommended that the Plaintiff have a neuro-surgical consultation to evaluate his condition. Plaintiff claims that he could not have known of the possible surgery because he had not yet seen the neurosurgeon.

The Fifth Circuit considered a similar case in *Lebron*. In *Lebron,* the court considered a medical malpractice claim against an army doctor who negligently caused injury to a child during birth. The government admitted liability but challenged the amount of damages. The government specifically objected to

damages that the trial court awarded in excess of the administrative claim. The plaintiffs claimed that the newly discovered evidence that justified a higher ad damnum was that the child could not have the cognitive test until she was four or five years old, and therefore an adequate life plan could not be drafted.  The *Lebron* court rejected the argument, reasoning that while the plaintiffs knew that the child's condition was "grave", they should have expected additional impairments to develop.  The court held that the basic severity of the injury was known. Further the court held that a reasonable worst-case scenairio prognosis would have predicted what actually came to pass.  *Id.* at 331.

The Fifth Circuit reached similar conclusions based on similar facts in *Dickerson*  and *Low*.  *Dickerson*, 280 F.3d at 477; *Low* 795 F.2d at 471.

2.  Intervening Facts

The Fifth Circuit has not fully distinguished between intervening facts and newly discovered evidence.  In fact, the *Lebron* and *Dickerson* courts considered these two tests together. *See Singletary v. United States*, No. 05-4000, 2006 WL 3240769 (E.D. La. Nov. 6, 2006); *Scallan v. United States*, No. 00-3349, 2004 WL 102500 (E.D. La., Jan. 22, 2004).  In *Lebron*, for example, the court considered the two factors together,

9

determining that the plaintiff had neither presented newly discovered evidence nor intervening facts.

Courts in other circuits have agreed that the difference, if any, is only slight. In *Branigh v. United States*, No. 07-5042, 2007 WL 3306726 (W.D. Wash. Nov. 6, 2007), the district court determined that the term intervening facts differed from newly discovered evidence in that it denotes things occurring after the filing of a claim. Citing *Low* and *Dickerson*, the court determined that when a new diagnosis simply adds to or confirms an earlier diagnosis, the plaintiff has neither presented newly discovered evidence or intervening facts. *Id.; see also Reilly v. United States*, 863 F. 2d 149, 171 (1st Cir. 1988); *Kirk v. United States*, No. 05-112, 2006 WL 1459867 (W.D. Mich. May 25, 2006).

Regardless of the exact meaning, the Fifth Circuit is clear that "Information can be newly discovered evidence or an intervening fact if it sheds new light on the basic severity of the claimant's condition." *Lebron*, 279 F.3d at 330.

In this case, there remain genuine issues of material fact. It is still unclear as to the extent of the plaintiff's knowledge of his injury at the time his administrative claim was filed. Furthermore, the Court does not have adequate information at this time to determine whether the spinal cord injury was reasonably

10

discoverable at the time of the claim.

Today's holding does not dispose of this issue, but rather states that summary judgment is inappropriate.  The parties should present evidence at trial, currently scheduled for April 21, 2008 at 8:00 a.m.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Set the Ad Damnun (Rec. Doc. 17) is **DENIED**.

New Orleans, Louisiana this the 13th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE